IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

REBECCA LEGREE,
    Plaintiff,

vs.                                        Case No: 5:05cv173/SPM/MD

UNITED STATES OF AMERICA
    Defendant.

## REPORT AND RECOMMENDATION

      This case was filed pursuant to Federal Tort Claims Act.  Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, claims that while she was temporarily away from the institution on a writ, her property was stored in a facility warehouse that was destroyed by a tornado during Hurricane Ivan.  She maintains that her property is unaccounted for, and the Bureau of Prisons has denied her request for compensation in the amount of $1031.00, having taken the position that the United States is not liable for damages or loss incurred as a result of an act of nature.

      This case is now before the court upon the defendants' special report filed on January 31, 2006 (doc. 13).   Plaintiff filed a response to the special report that was docketed on February 28, 2006, and the defendant sought and obtained leave of court to file a reply on March 6, 2006.  (Doc. 19, 20 & 21).  On March 14, 2006 this court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, and informing the parties that the special report would be construed as a motion for summary judgment (doc. 22).  The

defendant filed a notice of filing supplemental authority (doc. 23). Plaintiff filed a response to government's notice of filing supplemental authority (doc. 27) and Plaintiff moved for an enlargement of time to review the cases cited in defendant's supplemental authority. In her supplemental response she indicates that she was unable to obtain copies of one of the cases cited by the defendant, but asks that relief be granted in her favor as she has proved her claim. (Doc. 30).

### Background

As noted above, at all times relevant to this action, plaintiff was in the custody of the Bureau of Prisons. Plaintiff was housed at the Federal Prison Camp, Marianna, when on May 19, 2003 her personal property was inventoried and packed by staff due to her impending removal via a federal writ. (Doc. 13, exh. 2 and 3). She was absent on the federal writ from May 19, 2003 through December 17, 2004. (Doc. 13, exh. 1). During her absence, plaintiff's property was stored in a warehouse at FPC Marianna. (Doc. 13, exh. 3). On September 15, a tornado spawned by Hurricane Ivan caused massive water damage to the warehouse, destroying both institution and inmate property that had been stored there. *Id.* When plaintiff returned to the institution, she was able to retrieve one box of her property that had been listed on a separate inventory sheet. (Doc. 13, exh. 4, p.2). Another inventory sheet was marked "All property unaccounted for due to tornado destroying warehouse on 9/16/2004." (*Id.* at p.1). It is this missing property that is the subject of the instant case.

### Applicable law and regulations

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346, 2671-2680. The FTCA is a limited waiver of sovereign immunity, which subjects the federal government to liability for certain torts committed by federal employees who are acting within the scope of their employment. The FTCA

provides a cause of action for individuals to recover for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Otherwise stated, the FTCA was "designed to provide redress for ordinary torts recognized by state law." *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (internal quotation and citation omitted)). Unless, according to the law of Florida, the United States could be liable for the alleged tort of its employee if it were a private person, then not only is the sovereign's immunity intact, but the district court is without subject matter jurisdiction and must dismiss the case. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990) (citations omitted).

The acts or omissions complained of in this case took place at a federal prison facility within the State of Florida, and therefore Florida law governs. 28 U.S.C. § 1346(b)(1); *Stone,* 373 F.3d at 1130; *Gonzalez-Jimenez de Ruiz v. United States*, 378 F.3d 1229, 1230 (11th Cir. 2004) (The FTCA requires that the "whole law of the State where the act or omission occurred[,]' including its choice of law rules, be applied" )(quoting *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962)). To state a cause of action for negligence under Florida law, plaintiff must prove (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a failure on the part of the defendant to perform that duty; a breach; (3) a causal connection between the conduct and the resulting injury and (4) an actual injury or damage to the plaintiff. *Clay Elec. Co-op, Inc., v. Johnson,* 873 So.2d 1182 (Fla. 2003); *Mosby v. Harrell*, 909 So.2d 323, 327 (Fla. 1st DCA 2005); *Tieder v. Little,* 502 So.2d 923, 925 (Fla. 3rd DCA 1987).

In this case, defendant contends that it is entitled to summary judgment for either of two reasons. First, it maintains that the "discretionary function" exception shields it from liability. Second, regardless of the applicability of this exception it contends that plaintiff has failed to state a cause of action for negligence under Florida law.

**LEGAL ANALYSIS**

Defendant first contends that it is immune from liability under the "discretionary function" exception. Title 28 U.S.C. § 2680 specifically provides for certain exceptions to the FTCA's waiver of sovereign immunity. Relevant to this case, the "discretionary function" exception set forth in §2680(a) provides that the United States is not liable for:

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (West 2005); *United States v. Gaubert*, 111 S.Ct. 1267, 1273 (1991). If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction. *Cohen v. United States,* 151 F.3d. 1338, 1340 (11th Cir. 1998) (citing *Powers v. United States*, 996 F.2d 1121, 1126 (11th Cir.1993)). As it name suggests, this exception encompasses only acts that are discretionary in nature, acts that "involv[e] an element of judgment of choice." *Gaubert,* 111 S.Ct. at 1273 (citing *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); *Dalehite v. United States,* 346 U.S. 15, 34, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953)). It is designed to protect only "governmental actions and decisions based on considerations of public policy." *Gaubert*, 111 S.Ct. at 1274 (citing *Berkovitz*, 486 U.S. at 537, 108 S.Ct. at 1959).

Defendant contends that this case falls squarely under the discretionary function exception because the BOP is charged with storing inmate property, and how it does this cannot be challenged by the plaintiff.

In considering the application of the discretionary function exception, the court must first determine whether the challenged action was discretionary, or whether it was controlled by mandatory statues or regulations. *Gaubert*, 111 S.Ct. at 1273, 1277; *Cohen v. United States*, 151 F.3d 1338, 1341 (11th Cir. 1998). The challenged action, pared to its essence, is storage of plaintiff's property while she was away from the institution on writ. The next question is whether that judgment is "of the kind that the discretionary function exception was designed to shield," that is, one grounded in public policy considerations. *Gaubert,* 111 S.Ct. at 1273 (citations omitted); *Monzon v. United States,* 253 F.3d 567, 570 (11th Cir. 2001); *Cohen*, 151 F.3d at 1341. The *Gaubert* Court further stated:

> When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Gaubert*, 111 S.Ct. at 1274-1275; *Monzon*, 253 F.3d at 571.

Plaintiff challenges the storage of her property in the FCI Marianna warehouse. BOP Program Statement 5580.07 provides that each individual institution must develop an Institutional Supplement describing that institution's procedures regarding inmate personal property. (Doc. 13, exh. 6, P.S. 5580.07 at 21). The institutional supplement from Marianna provides that the property of inmates who are released on writs "will be stored in the secure property room in

Receiving and Discharge." (Doc. 23, exh. 1, MNA 5580.06A; doc. 21 at 1, defendant's reply acknowledging that the single page document provided by plaintiff was from the Institution Supplement for Marianna). However, the affidavit of Charlene Smith, Assistant Inmate Systems Manager at FCI Marianna, indicates that the R&D area is used only for temporary, and not long-term, storage. (Doc. 19, exh. 1 at 2). There is nothing in the record indicating that a federal statute, regulation, or policy directs where the institution staff is to place overflow property for long term storage. See *Monzon v. United States,* 253 F.3d at 571. Thus, the decision of when and whether to place an inmate's property into an alternate location for longer term storage is within the discretion of institution staff.

The second question, whether this is the kind of judgment the exception was designed to shield is also satisfied. Under the Supreme Court's decision in *Gaubert*, when a government agent is allowed to exercise discretion, it is presumed that the agent's acts are grounded in policy when exercising his or her discretion. 499 U.S. at 324, 111 S.Ct. at 1274. Although not expressly stated, here the logical policy of convenience would appear to be to reserve the relatively small space in R&D for property that will be fairly quickly moved to another location, while placing property that must be stored longer term in another location where it would not be in the way. It cannot reasonably be argued that plaintiff's nineteen month absence from her institution and the corresponding storage of property would not qualify as long term. Plaintiff argues in her unsworn response to the special report that there was sufficient room available to store her property in R&D, in contradiction to the affidavit of Hughey Williams. Even if plaintiff were correct, the R&D area was not used for long term storage. Plaintiff also argues that the staff was negligent in not removing all personal property belonging to FPC inmates on writ from the FCI warehouse and storing it in the secure property room in R&D as per policy. She cites evidence of the destruction of the warehouse as proof that it was not a "safe and secure" location, since, in comparison, the institution was not destroyed. This

conclusory assertion carries no weight.  Even without undertaking a meteorological prediction or comparative architectural analysis of the two structures, the court can say with some confidence that the situation just as easily could have been reversed and the institution hit by the tornado, or hurricane Ivan itself, and the warehouse spared.

Therefore, because the discretionary function exception shields the defendant from liability, the motion for summary judgment should be granted and plaintiff's case must be dismissed for lack of jurisdiction.

Defendant maintains, in the alternative, that plaintiff's claim must fail because she has not proven each of the elements of a cause of action for negligence: duty, breach, causation and damages.  The government readily concedes that the BOP owed plaintiff a duty to store her property. BOP Program Statement 5580.07 governs inmates' personal property.  It provides in relevant part that when inmates leave on writ, "staff will place the inmate's property in a secured storage area without frequent access by staff or inmates."  (P.S. 5580.07 at 21, doc. 13, exh. 6 at 2).  The Receiving and Discharge Staff are responsible for processing incoming and outgoing inmate property according to this program statement.  (Doc. 13, exh. 5 at 1, P.S. 5800.12).  Sufficient secure space in Receiving and Discharge ("R&D") for stored inmate property is required.  (*Id.*)  However, in this case, because the R&D area at FPC Marianna is relatively small, it is not used for long term storage.  (Doc. 19, exh. 1, affidavit of Charlene Smith, Assistant Inmate Systems Manager, FCI Marianna, at 1).   It is used mainly for intake and discharge purposes, and any property held there is only held temporarily.  (*Id.*).  Because of the storage situation at FPC Marianna's R&D area, plaintiff's property was placed in a secure storage area in the institution warehouse while she was absent on writ for nearly 19 months.  (Doc. 13, exh. 7, affidavit of Hughey Williams, Inmate Systems Officer, FCI Marianna, at 2). Mr. Williams, who processes inmates' property as part of his duties, avers that he has reviewed the relevant records and has determined that the BOP properly

...

Page 8 of 9

**stored the plaintiff's personal property in accordance with governing policy. (Doc. 13, exh. 6 at 2). Thus, there was no apparent breach of duty.**

**Additionally, the BOP cannot be said to have caused the destruction of plaintiff's property. The FTCA's limited waiver includes liability for certain torts committed by federal employees acting within the scope of their employment. The parties have not cited, and this court's research did not uncover, any case in which the government has been held liable under the FTCA for an act of nature such as a tornado, which is neither foreseeable, nor predictable, nor under the BOP's control. The cases cited by the defendant in which an "Act of God" exception is discussed suggest that liability is not properly imposed. In *Florida East Coast Railway v. Central and Southern Florida Flood Control District*, 519 F.2d 1184 (5th Cir. 1974), the court noted that the Act of God defense applies if the natural event is the sole proximate cause of the damages. Similarly, in *Goodman v. Becker*, 430 So.2d 560 (Fla.App. 3 Dist. 1983),[1] the court held that "a wrongdoer remains liable for a consequent harm when the result is caused by a congruence of his own negligent act with a natural force or condition, often called an 'Act of God.'" In this case, there is no evidence of congruent negligent conduct by the BOP. Plaintiff attempts to show causation by arguing that BOP staff were negligent in their failure to remove all personal property belonging to FPC inmates on writ from the FCI warehouse, and store it in the small secure property room in R&D. Even if there were space to store all such property, the court does not find the failure to sort and move inmate property from one location to another with what appeared to be a category V hurricane bearing down on the region to be negligent or otherwise unreasonable.[2]**

---

[1]This is the case that plaintiff was unable to obtain because only federal materials are available at the institution where plaintiff is housed. Because its holding is by no means dispositive of the plaintiff's claim, there is no manifest injustice in issuing this recommendation.

[2]The reasonableness of this decision is buttressed by the fact that both institution and inmate property was stored in this facility and was damaged. (Doc. 13, exh. 7, affidavit of Hughey Williams, at 2).

*Case No: 5:05cv173/SPM/MD*

Therefore, the court finds that plaintiff has not shown either a breach of a duty or causation, and her negligence claim fails.

Accordingly, it is respectfully RECOMMENDED:

That defendant's motion for summary judgment (doc. 13) be GRANTED, and this case be dismissed for lack of jurisdiction under the discretionary function exception to the FTCA, or in the alternative that defendant's motion for summary judgment be granted, and judgment be entered accordingly.

At Pensacola, Florida, this 28th day of June, 2006.


/s/ *Miles Davis*
         **MILES DAVIS**
         **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**